# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

TACHICA CALLAHAN,
    *Plaintiff*,

v.

GATEWAY COMMUNITY COLLEGE,
    *Defendant*.

No. 3:17-cv-00618 (JAM)

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Tachica Callahan has filed a discrimination complaint against defendant Gateway Community College. I will grant Gateway's motion to dismiss on grounds that Callahan has failed to allege facts that give rise to plausible grounds for relief.

### BACKGROUND

On April 13, 2017, Callahan filed a *pro se* and *in forma pauperis* complaint against Gateway. Doc. #1. On November 7, 2017, I entered an order *sua sponte* dismissing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Doc. #13. I described how the complaint "states almost no facts as distinct from legal conclusions that defendant violated the law." *Id.* at 2. "Because the complaint is so bare of facts—as distinct from conclusory allegations of violations of the law—defendant could not possibly file a meaningful answer or response to plaintiff's claims." *Ibid.* Accordingly, I dismissed the complaint without prejudice to Callahan's filing of an amended complaint that contained a proper amount of factual detail to give Gateway fair notice of the basis for her claims:

> Plaintiff is advised that any amended complaint should allege specific facts and approximate dates of any alleged misconduct by defendant. It is not sufficient for plaintiff simply to allege that defendant has violated the law without alleging the specific acts of misconduct engaged in by defendant that amounts to a violation of a specific law. For example, if plaintiff believes that she was subject to retaliation or discrimination, then she should allege facts describing precisely who engaged in specific acts on specific or approximate dates that

>amounted to retaliation or discrimination and on what basis she believes she was subject to retaliation or discrimination (*e.g.*, race, gender, etc.). Although plaintiff may refer to and attach documents to her complaint if she wishes, such attached documents are not a substitute for plaintiff alleging specific facts and legal claims that must be made stated in the body of the complaint itself.

Doc. #13 at 3.

On December 7, 2017, plaintiff filed an amended complaint. Doc. #15. The amended complaint purports to state the following four causes of action arising from Gateway's alleged mistreatment of plaintiff and termination of her employment: (1) a violation of 42 U.S.C. § 1981, (2) a violation of Title VII of the Civil Rights Act of 1964, (3) a violation of the Equal Pay Act of 1964, and (4) a violation of "the Connecticut State Human Rights Law." *Id.* at 1. Gateway has now moved to dismiss.

### DISCUSSION

When evaluating a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). It is well-established that "*pro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

As with Callahan's initial complaint, the amended complaint contains very little factual detail. It alleges that Callahan worked for Gateway at its Department of Educational Technology for two years and seven months from September 2012 to May 2015. Doc. #15 at 2 (¶ 2), 7 (¶ 19), 8 (¶ 22). The amended complaint further alleges that Callahan "was discriminated against and terminated on or about 7/10/15 according to [the] official termination letter." *Id.* at 8 (¶ 22).

Scattered throughout the amended complaint are conclusory allegations that Callahan was the subject of discrimination or retaliation by Gateway:

- That Gateway "repeatedly subjected Plaintiff to unlawful discrimination because of her race/color, and sex, as well as to unlawful retaliation" (*id.* at 2 (¶ 2));

- That Gateway "overlooked the Plaintiff's application for promotion through the college's mandated competitive application process," instead using "Nepotism and Cronyism" leading to preferences for "Caucasian male counterparts, Asian female counterparts, and Hispanic female counterparts," rather than African American females like Callahan (*id.* at 2 (¶ 3));

- That "[m]y qualifications deemed that I was trainable and had the ability to complete tasks of the job descriptions in the department" (*id.* at 3 (¶ 5));

- That "I was never afforded equal opportunity or equal pay" (*id.* at 3 (¶ 6));

- That "Plaintiff complained of discriminatory misconduct at the College, according to the Board of Regents policy and in return has been subjected to unlawful retaliation designed to punish her for bringing these claims resulting in unlawful termination" (*id.* at 3 (¶ 8));

- That "[t]he Defendant Retaliated against the Plaintiff because of her prior complaints of unlawful Employment discrimination," and "I was terminated from Gateway Community College based on protected classes, my race, African American, sex, Female, age 35, retaliated against because I opposed of discriminatory acts" (*id.* at 6 (¶ 15));

- That "[t]he defendant commenced a pattern of unreasonable, burdensome and punitive actions including employment termination" (*id.* at 8 (¶ 23)).

There is no additional factual detail to substantiate these claims, and much of the rest of the complaint consists of boilerplate recitations of legal standards and case law. In short, the complaint alleges simply that Callahan worked for Gateway, that she was mistreated in undescribed ways, and that she was ultimately terminated for reasons Callahan believes to be retaliation and discrimination.[1]

A plaintiff claiming racial discrimination "must do more than recite conclusory assertions" but "must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713 (2d Cir. 1994); *see also id.* at 714 (further noting that plaintiff "has offered no reason to suspect that his being found guilty of sexual harassment had anything to do with his race, other than his assertion that the panel members were white and that he is Bengali"); *Gregory v. Daly*, 243 F.3d 687, 692 (2d Cir. 2001) (same).

## CONCLUSION

Defendant Gateway Community College's motion to dismiss (Doc. #31) is GRANTED. Because Callahan has previously had an opportunity to supplement her complaint with factual allegations that would suffice to establish plausible grounds for relief, this order of dismissal is with prejudice.

---

[1] In light of the complaint's reference to Callahan's filing of a complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO), Gateway has submitted a copy of the CHRO's findings against Callahan. Doc. #31-1 at 16-20. Although these findings state additional facts, these additional facts also fall well short—as the CHRO concluded—of alleging plausible grounds for relief.

It is so ordered.

Dated at New Haven this 5th day of March 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge